Here the last case to be argued, Lynch v. Vaccaro. May it please the Court, due process is squarely rooted in the provisions of the U.S. Constitution. It is, in fact, the heart and core of our judicial system. The Fifth Amendment provides that no person shall be deprived of life, liberty, or property without due process of law. Due process requires notice and an opportunity to be heard. In addition to the constitutional requirements of due process, Section 1112 of the Bankruptcy Code specifically requires notice and a hearing for a motion by a party in interest to convert or dismiss a Chapter 11 case. It has been established in numerous instances that the bankruptcy court judge is not considered a party in interest for the purpose of a motion to convert under Section 1112. In this instance, and as the Court record clearly supports, there was no notice to be heard on June 28, 2017, when the bankruptcy court abruptly and surprisingly converted the Chapter 11 case to one under Chapter 7. The June 21, 2017, scheduling order was very specific and made no reference to the conversion issue being on the Court calendar. And, in fact, the June 28, 2017 transcript, it's in the record at page A553, reflects the Court's statement regarding the issues that were going to be on for that day, which were the hearing on the debtors' 1919 motion, as well as the motion to limit notice on the disclosure statement, and the Wells Fargo stay release, and the status on the Frank claim objection. There's no reference at all to a motion to convert or dismiss the Chapter 11 case. However, the case was converted that day. Within 48 hours of the conversion order being entered, the Chapter 7 trustee seized possession of approximately $700,000 of cash that was in my debtor and possession account, including approximately $30,000 that were exempt assets in the form of tenant security deposits and child support income. And additionally, so I was deprived of my property, and the legitimate unsecured creditors of the estate were deprived of their right to receive payment under my 100% plan that had been submitted to the Court. Section 1112F also mandates that notwithstanding any other provision of this section, a case may not be converted to a case under another Chapter of this Title unless the debtor may be a debtor under such Chapter. You're out of time. Yes, sir. You're out of time. The red light means you're out of time. You have saved two minutes for rebuttal. You can use it now if you like. Or you can hold it for rebuttal. I just want to quickly say, then, that in the appellee's papers, they do not point to anything in the record indicating that there was notice about this hearing being on a motion to convert or dismiss. They do not challenge the mandates of 1112F. And they do not point to any place in the record where the Court, who had an independent duty to do an analysis on conversion or dismissal, it simply just did not happen, Your Honor. Thank you. Your Honor. May it please the Court, Your Honors. David Blansky, LaMonica Herbst, and Menescalco, appearing for Arkan for an honor of the Chapter 7 trustee appointed upon conversion. Your Honor, the principal points raised are one, raised for the first time before this panel, is whether the Bankruptcy Court had authority to, sous-spente, essentially convert the case. And while the cases cited by Ms. Lynch are correct, in 1984, the briefing overlooks that in 1986, Section 105A of the Bankruptcy Code was amended expressly to address this so that a bankruptcy judge can have the ability to provide for any relief that would otherwise be available to a party in interest. I can read the provision. And thereby it overruled the two prior cases cited by Ms. Lynch that said that a bankruptcy judge did not have that authority and only had it on motion of a party in interest. And that provision states as follows. Under 105A, as amended in 1986, it says at the second sentence, no provision of this title, as in the entire Title 11 Bankruptcy Code, providing for the raising of an issue by a party in interest, shall be construed to preclude the court from, sous-spente, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules or to prevent an abusive process. There was a request for conversion in any event, I thought, in the record. In any event, I believe at least in three submissions made by Mr. Vaccaro, the former spouse, he requested that relief. The U.S. trustee supported it, an argument on an order to show cause. But even absent that, by statute, by clear meaning, it overruled the two 1984 cases, including the Second Department decision in that regard. So there is no doubt there was authority. What's interesting is one of the cases cited by Ms. Lynch actually stands for the proposition, outdated by the amendment, that one, a party in interest had to make the motion. That was corrected by 105A amendment. Two, in fact, an oral motion would have been adequate even under that case. And three, I think that case spoke to that conversion can be without a hearing. And there's authority for the proposition that a hearing is not required. But that's not what happened here. Here, the court did not abuse its discretion in converting the case. As the court observed, an extensive amount of time had passed, 18 months, and the state was in worse condition than it was before. Now, one of the questions raised by Ms. Lynch is, was there notice that there was going to be a hearing? Let's start with there were four separate orders entered during the life of the case that expressly said, in the event of the failure to file a disclosure statement, obtain approval of the disclosure statement, and confirm a plan by deadline set by the court, the court will, without a hearing, either dismiss the case or convert the case for cost. It was four separate times. It was stated on the record at least two or more hearings as well. Now, what happened here is that the order shall cause hearing was initially set down, a settlement was announced, and then the debtor, upon reflection, elected to withdraw from the settlement. That order shall cause about conversion was continued by docket entries initially to June 14th and then to June 28th. It was not marked off the court's calendar. So if the court takes judicial notice of the calendar looking at the interim dates, it will see that the order shall cause concerning conversion and hearing conversion was not dismissed, was not discontinued. A matter of record, it was continued. And the debtor's counsel, a third at the time, would have notice of that fact. So the notice issue is a red herring here. It was very clear about the consequences would be about a failure to comply. And here, every operating report showed that this estate opted to rate it as a deficiency, that there was insufficient funds, that mortgages had not been paid for at least in one instance 77 months, including pre- and post-petition. So the estate was being diminished as the equity eroded. And also what's happened here is that there was no ability to confirm a plan. Here, there was a deadline of less than 30 days left in which to confirm a plan. You have to confirm the disclosure statement before you can send out the plan to the creditors, and the judge trust set an immutable deadline, as he put it, for less than 30 days away. It was an impossibility. And finally, what the court should note is, one, the trustee has been in place for two and a half years. He sold liquidated assets, attacked claims for adversary proceedings. You cannot unwind what he's done by hypothetically reconverting the case, because you can't undo a sale. There are certain actions he's undertaken that won't provide for that. And finally, Mrs. Lynch, I stand corrected, has a pending Chapter 11 she filed subsequently. If you reverse the order and send it back down to be converted back to Chapter 11, she will then have two pending Chapter 11 provisions, something that's not contemplated by the bankruptcy code. In a Chapter 11 case, a debtor should contribute her disposable income to pay the plan. Which plan do you play? Which creditors get paid, the ones existing in the future, the second case, or in the first case? It's not contemplated by the code and would result in a manifest injustice and abuse of the bankruptcy code. For these reasons, we believe the conversion order should be affirmed. Thank you. Thank you. Mrs. Lynch for her rebuttal. Thank you, Your Honors. Mr. Blansky makes reference to a 1986 change regarding Bankruptcy Code Section 105A to address the judge providing any relief as required, taking court orders or rules, or to prevent an abusive process. However, 105A does not allow the judge to enter orders that deprive a party of their rights under other sections of the code. And it is to prevent an abusive process. And in this case, there was no abuse. In fact, Mr. Gimeno has stated on the record a couple of times that there was no misconduct by the debtor. Mr. Recaro, contrary to what Mr. Blansky said, did not request this motion. And as far as the 18 months into the case in worse condition, that's simply not true either. The case had a massive surplus, millions of dollars. There was only about $225,000 to $250,000 of unsecured creditors. And there was millions of dollars of equity in the state. So the state was not by any chance being diminished. Regarding the four previous orders about a confirmation date, those are not applicable because where the court did set those dates, then through intervening events and other agreements and other orders, those dates were extended. So it's not that I failed to meet the date. Things happened, and so it was changed. And as far as the last date being immutable, that was not the case either because when it came to the ill-advised 9019 with Mr. Recaro, the court was willing to extend the dates then again. But that 9019 was going to be only for the benefit of Mr. Recaro and not for the benefit of any of the other creditors. A calendar docket entry does not put all of the unsecured creditors on notice, and they absolutely did not have notice. And I was not aware that that date was going to turn into a surprise conversion. And a 100 percent plan can be confirmed. In all the research that I did, I haven't found any instance where a 100 percent plan could not be confirmed. In an individual Chapter 11, every creditor was getting 100 cents on the dollar, lumps on payments. That is a wild success by all measures, especially with all of the difficulties I had to deal with, not being able to operate as a debtor in possession up to 10 months into the case, burdened with excessive administrative fees related to the state court receiver who should not have been in possession of my property to begin with. And as far as things being unwound, the sale is under appeal. There's nothing else that the trustee has done that presents any kind of complicated situation. And regarding the second Chapter 11, that was dismissed on 829 by Judge Trust. And in that case, too, there was no instance, there's never been any instance in either case that I have been engaged in any misconduct or that I have been trying to abuse the process. On the contrary, unfortunately, my ex-husband, Mr. Vaccaro, has filed repeated false statements, false affidavits, committed perjury, and has frustrated my ability to move forward. I was trying to preserve the assets so we could go back into state court and settle out the things pursuant to our judgment of divorce, but he kept throwing roadblocks in the way. Thank you. We have your argument. Okay. We have your papers. And very well done today. Thank you very much. And the last case is on submission. We'll adjourn.